CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 23 2016

JULIA C. DUDLEY, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHARLES KEENER PARKER, | ) | CASE NO. 7:16CV00508 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| NEW RIVER VALLEY REGIONAL JAIL, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Charles Keener Parker, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, against the local jail where he is confined, contending that he needs to have knee surgery. Upon review of the record, the court finds that the action must be summarily dismissed.

Parker alleges that before he was incarcerated at the New River Valley Regional Jail ("the jail"), he had torn the meniscus in his left knee. The doctor who diagnosed this injury in 2014 had scheduled Parker for two surgeries, but they did not occur. More than a year later, Parker was incarcerated. He reinjured his knee on April 14, 2016, while playing basketball at the jail. When the jail doctor examined him, Parker explained his prior diagnosis and offered to prove it with a DVD of a prior MRI or to undergo an X-ray. The doctor promised to review Parker's records. At a second visit, the doctor told Parker that "surgery was the only fix, but [he] wouldn't be able to rec[ei]ve it" at the jail. (Compl. 3, ECF No. 1.)

Parker filed grievances seeking approval for surgery on his knee. The jail superintendant responded that Parker's "MRI report does not state a recommendation for surgery" and stated: "you need to request medical care if you have pain or anything changes." (ECF No. 2, at 5.) Parker saw the doctor again in October and learned that unless the doctor found an emergency

need for knee surgery, the jail would not send him to see a surgeon. Parker alleges that he has received no treatment for his knee, although his grievances indicate that he did receive pain medication and an ace bandage. When he asked for tennis shoes related to the knee injury, the nurse denied his request, stating that his records did not indicate the need for special shoes. As relief in this lawsuit, Parker wants the jail to provide "the surgery [he believes] he need[s]" and to pay compensation for pain and suffering.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). A "frivolous" claim is one that "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)).

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. See Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). The only entity that Parker names as a defendant to his § 1983 claims is the jail itself. The jail, however, is not a "person" subject to suit under § 1983. McCoy v. Chesapeake Corr. Center, 788 F. Supp. 890, 893-94 (E.D. Va. 1992) (finding jail immune from suit and not a person for purposes of § 1983). See also Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Because Parker fails to state facts showing that any particular jail official acted to violate his constitutional rights, his complaint presents no legal or factual basis for any claim actionable under § 1983.

2

For the stated reason, the court will summarily dismiss this action without prejudice, pursuant to § 1915A(b)(1), as frivolous.[1] An appropriate order will issue this day.

ENTER: This 23rd day of November, 2016.

                                           /s/ Glen Conrad
                                           Chief United States District Judge

---

[1] In any event, Parker's allegations do not state any constitutional claim actionable under § 1983 against anyone. His allegations present merely his disagreement with the jail's medical staff about how time-sensitive his medical need is to have surgery on his knee. See Estelle v. Gamble, 429 U.S. 97, 102 (1976) (holding that only a prison official's deliberate indifference to inmate's serious medical needs violates the Eighth Amendment). The deliberate indifference standard "is not satisfied by . . . mere disagreement concerning '[q]uestions of medical judgment,'" Germain v. Shearin, 531 F. App'x 392, 395 (4th Cir. 2013) (unpublished) (quoting Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975)). See also Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977) (finding that in constitutional claim regarding prison medical care, "the essential test is one of medical necessity and not simply that which may be considered merely desirable").